Filed 11/16/15  P. v. Dizdar CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063580 |
| v. | (Super.Ct.No. SWF1500569) |
| NICK LEWIS DIZDAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge. Affirmed.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Nick Lewis Dizdar was required to register as a sex offender pursuant to Penal Code[1] section 290, as a result of a Louisiana rape conviction in 2010. Defendant was charged with five different registration violations between September 2014 and March 2015. Defendant entered into a plea agreement, pleading guilty to a single offense (count 1) and admitting a strike prior (the Louisiana conviction). The remaining counts were dismissed. The trial court sentenced defendant as a second-striker on count 1, and imposed various fees and fines as part of the sentence. Defendant has appealed; we affirm.

FACTS AND PROCEDURAL HISTORY

In 2010, defendant was convicted in Louisiana of one count of rape. As a California resident, defendant was required to register as a sex offender because of the Louisiana rape conviction. In March 2015, the Riverside County District Attorney filed a felony complaint, alleging a variety of failure-to-register offenses:

Count 1 alleged that defendant had failed to register with the Riverside County Sheriff's Office in Lake Elsinore (within five days of coming into or changing residence in any city, county or campus), on or about March 6, 2015, in violation of section 290, subdivision (b). Count 2 alleged a second violation of section 290, subdivision (b), that

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

defendant had failed to register with the Riverside County Sheriff's Office in Perris on or about January 5, 2015. Count 3 asserted a violation of section 290.013, subdivision (a), on or about September 2014, for failure to inform (in person and within five days) the Summit County Sheriff's Office in Ohio, that defendant had moved to California. Count 4 asserted a violation of section 290.015, subdivision (a), on or about February 6, 2015, for failure to register in Perris within five days of release from incarceration, placement, commitment or probation. Count 5 alleged a second violation of section 290.015, subdivision (a), for failing to register in Lake Elsinore upon release from incarceration, placement, commitment or probation. Defendant was also charged with a strike prior pursuant to section 667, subdivisions (c) and (e)(1), and section 1170.12, subdivision (c)(1).

At an early stage, on March 20, 2015, defendant agreed to waive the preliminary hearing and to plead guilty to count 1 (§ 290, subd. (b), failure to register in Lake Elsinore) and to admit the strike prior; the prosecutor agreed to dismiss the four remaining counts. Defendant requested immediate sentencing. The court denied probation. The stipulated prison sentence was 32 months, based on the low term of 16 months, doubled as a second-strike offense. The court calculated defendant's custody credits, imposed a restitution fine of $300, imposed and suspended a parole revocation fine of $300, and ordered defendant to pay a court operations assessment fee of $40, and a criminal conviction assessment fee of $30. Defendant was further ordered to supply fingerprint and palm print cards, as well as blood and saliva samples. Defendant also waived his right to an automatic appeal.

3

A few weeks later, in May 2015, defendant filed a petition for modification of sentence. He argued that the punishment, 32 months imprisonment with a requirement to serve at least 80 percent of that time, was excessive and unwarranted. He claimed that he had missed the registration date in Perris by only one day, but that he was elderly and diabetic, conditions that limited his "stability of movement." In addition, he had no transportation or vehicle to get to the Perris station to register. He alleged that he had "read that a near 50% increase in elderly inmates over the last 15 years (since 2000) is unwarranted, and as senior citizens, with a new and non-violent minor infraction, [he] should only be given credit [for] time served," and "be reinstated for registration only." The counts relating to defendant's failure to comply with registration requirements in Perris had been dismissed; defendant had pleaded guilty only to one count of failure to register on time in Lake Elsinore. The trial court denied defendant's motion for modification of sentence.

A week or so later, still in May 2015, defendant filed a motion to recall his sentence, and requested sentencing in absentia, citing section 1170.126. Defendant argued that he should be resentenced pursuant to the Three Strikes Reform Act of 2012 (Proposition 36). Proposition 36 applies to persons sentenced to an indeterminate third-strike term. Defendant received a determinate sentence of 32 months as a second-striker. The record does not show any disposition of defendant's petition to recall his sentence.

4

Defendant also filed a notice of appeal on May 14, 2015, asserting both that the appeal was based on matters occurring after the plea, and that he challenged the validity of the plea.[2]  In connection with the latter challenge, defendant requested a certificate of probable cause.  Defendant's statement in support of his request for a certificate of probable cause recited that "[o]nly the misdemeanor charge of 'probably violation of the existing restraining order' in effect through 4-1-15 should be valid.  Thus, dismissing the charge of non-registration . . . which carried 32 months plus parole time.  I was not on any parole or probation . . . ."  Defendant asserted that he had "contacted all counties (or cities) required by the sex registration guidelines/notes."  He claimed that he had "called San Jacinto—twice—and left messages to call [him] both times when [he] arrived to Calif. in Jan 2015."  Defendant explained that the "[c]harge of non-registration is 'invalid' because [he] did indeed call/contact the San Jacinto P.D. (office where Hemet Court—divorce hearing was scheduled) and left 2 messages . . . when in S. Cal. Hemet area for Final Divorce Hearing in Jan. 4th [*sic*: 9th?]—delayed until March of 2015."  As already noted, defendant was not convicted of failure to register in Hemet, Perris, or San Jacinto.  The trial court denied defendant's request for a certificate of probable cause.

---

[2]  The notice of appeal bears two trial court case numbers, one of which is the underlying criminal proceeding concerning defendant's failure to register.  The second case number evidently refers to the imposition of a criminal domestic violence protective order.  Defendant's notice of appeal raised no actual issues with respect to the protective order.  We treat the matter solely as an appeal from defendant's criminal conviction for failure to register.

5

ANALYSIS

We appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a brief summary of the facts and procedural posture. Counsel has also requested this court review the entire record in the case.

Defendant was granted leave to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record independently, and have discovered no arguable issues.[3]

---

[3] Appointed counsel suggested some areas of inquiry with respect to potentially arguable issues. None has merit. They are:
1. Whether the trial court correctly calculated defendant's sentence and fines. (The sentence was stipulated, and the fines were appropriate.)
2. Whether the restraining order was properly issued in this case. (The restraining order was apparently issued in a different case.)
3. Whether the trial court correctly denied defendant's request for a certificate of probable cause. (Defendant did not identify any issue related to the validity of his plea to the charge of failure to register in Lake Elsinore; all his complaints related to the dismissed charges or matters that were not charged.)
4. Whether the court correctly denied defendant's petition for modification of sentence. (The basis for the request related to a different count from the one for which defendant was sentenced.)

6

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.

7